IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) <br> ) CIVIL ACTION NO. <br> ) |
| Plaintiff, | ) 3:18-CV-0101 <br> ) |
| v. | ) Judge Campbell/Brown <br> ) |
| WEST MEADE PLACE LLP, d/b/a THE HEALTHCARE CENTER AT WEST MEADE PLACE, | ) <br> ) <br> ) <br> ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER MEDICAL ISSUES**

Plaintiff Equal Employment Opportunity Commission, pursuant to the Scheduling Order and Rules 401, 402, and 403 of the Federal Rules of Evidence, files this memorandum of law in support of its motion in limine to bar Defendant West Meade Place LLP from offering or eliciting any testimony regarding the other medical issues of the Claimant, Carma Kean, aside from the disability which is the subject of this litigation – anxiety disorder. Ms. Kean's other medical issues are irrelevant. Such evidence lacks any probative value, would unfairly prejudice the Commission, would confuse the issues in the case and mislead the jury.

**APPLICABLE FACTS**

Currently before this Court are claims brought by the Commission alleging that West Meade violated the ADA by failing to provide Ms. Kean with a reasonable accommodation and discharging Ms. Kean because of her disability. During her deposition, Ms. Kean testified that in addition to suffering with anxiety, she has (or does) suffered with various other conditions.

## APPLICABLE LAW AND ARGUMENT

Federal Rules of Evidence 401, 402, and 403 prohibit the introduction of evidence that is not relevant to the issues or that is unfairly prejudicial to a party. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Likewise, Rule 402 provides that evidence "which is not relevant is not admissible." Rule 403 provides that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."

In this case, Ms. Kean has testified that she has suffered with medical conditions that are not relevant/related to the Commission's current claims. The Commission contends that the Court should exclude any testimony regarding these conditions because such testimony would be a waste of time, while threatening to prejudice the jury against Ms. Kean. Such testimony could lead the jury to view Ms. Kean as a hypochondriac or to speculate about Ms. Kean's other medical conditions. The only issues that the jury should focus on are whether West Meade denied Ms. Kean a reasonable accommodation and then discharged Ms. Kean because of her disability. Evidence of other medical conditions which West Meade did not know about when it refused to provide Ms. Kean with a reasonable accommodation and terminated Ms. Kean's employment would only confuse the issues in this case.

In fact, this Court has previously excluded evidence of a plaintiff's medical condition when the condition was not relevant to the plaintiff's claims. For example, in *Bates v. Dura Auto. Sys., Inc.*, No. 1:08-CV-0029, 2011 WL 2618235, at *4 (M.D. Tenn. July 1, 2011), when claims at issue were related to illegal drug testing under the ADA, the court excluded evidence of "plaintiffs'

2

Case 3:18-cv-00101   Document 72   Filed 10/21/19   Page 2 of 4 PageID #: 542

medical conditions at the time of termination" because they were "irrelevant and might serve to unfairly prejudice the jury." A similar result should prevail here. The discussion of other medical issues would be nothing more than a waste of time, while threatening to prejudice the jury against Ms. Kean.

Plaintiff requests this Court enter an Order excluding testimony and/or other evidence related to other medical issues of the Claimant, Carma Kean, because they are irrelevant and inadmissible under Rules 401 and 402 of the Federal Rules of Evidence. Furthermore, even if such evidence is relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to the Commission, confusion of the issues, or misleading the jury under Rule 403 and should be excluded.

## CONCLUSION

For the reasons stated above, the Commission respectfully requests that the Court grant its Motion in Limine.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730

MARKEISHA K. SAVAGE
Trial Attorney
TN Bar No. 024693

s/ *Mark Chen*
MARK CHEN

3

Case 3:18-cv-00101   Document 72   Filed 10/21/19   Page 3 of 4 PageID #: 543

Trial Attorney
TN Bar No. 014268

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228-9940
(615) 736-5784
mark.chen@eeoc.gov

CERTIFICATE OF SERVICE

I certify that on October 21, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

Stephen W. Elliott (TN BPR 020062)
**HOWELL & FISHER, PLLC**
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107

*Attorney for Defendant*

s/ *Mark Chen*
Mark Chen