IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:18-cv-00101 |
| v. | ) ) | JUDGE CAMPBELL |
| WEST MEADE PLACE LLP, d/b/a THE HEALTHCARE CENTER AT WEST MEADE PLACE | ) ) ) ) | [Jury Demand] |
| Defendant. | ) | |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S BRIEF REGARDING THE USE OF CARMA KEAN'S DEPOSITION AT TRIAL**

Pursuant to the Court's Order (Doc. 197), Plaintiff Equal Employment Opportunity Commission ("EEOC") submits its brief regarding the use of Carma Kean's deposition at trial. EEOC also responds to Defendant's improper use of its brief to argue that EEOC should be precluded from reading portions of James Wright's deposition during EEOC's case in chief.

As an initial matter, Defendant's request to preclude EEOC from using Mr. Wright's deposition in EEOC's case-in-chief should not be considered because it is untimely. At the pretrial conference, defense counsel stated he had no objections to EEOC's designations of Mr. Wright's deposition testimony and made no contention that EEOC could not use such designations in EEOC's case in chief. Further, the Court ordered the parties to exchange any objections to deposition designations by Monday, October 10, 2022 at the latest, and Defendant made no mention of its objection to EEOC's use of Mr. Wright's deposition testimony at that time either. Defendant did not notify EEOC of its objection until today, October 11, 2022. In doing so,

1

Defendant sandbagged EEOC, depriving EEOC of the time Defendant took for itself to brief the issue. Defendant's request should be denied on that basis in itself.

Moreover, Defendant's attempt to equate reading designations from Kean's deposition at trial with EEOC reading designations of Wright's 30(b)(6) and individual depositions is misplaced. The issue is not simply whether both will be present at trial. Pursuant to Federal Rule of Civil Procedure 32(a)(3), at trial, "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)." Wright's deposition, therefore, may be read into evidence by EEOC regardless of whether he is present at trial, because Wright was West Meade's 30(b)(6) designee, and he was West Meade's managing agent at the time of his depositions. *See Black v. United Parcel Service*, 797 F.2d 290, 293 (6th Cir. 1986). Wright has been the Administrator at West Meade Place since 1998. According to his deposition, the entire business of West Meade Place is his responsibility and everyone at West Meade reports to him. The owners of West Meade leave the review of all West Meade policies to him without conducting any review of their own, and he is responsible for investigating and responding to any EEOC charges against West Meade.

Defendant's contention that "courts in this jurisdiction have disallowed a party from reading the adverse party's deposition during the party's case-in chief" and "have only allowed the party to use the deposition for impeachment purposes after the adversary's live testimony" is incorrect. While some courts have, in their discretion, declined to permit the use of adverse party's depositions under Rule 32(a)(3), the practice is not uniform and certainly not required. *See Black*, 797 F.2d at 293 (holding it was not improper to permit use of deposition testimony of an adverse party's managing agent under Rule 32 despite the fact that the deponent was present at trial); *EEOC v. HP Pelzer Automotive Sys., Inc.*, No. 1:17-cv-00031 (E.D. Tenn.) Doc. 125 (Def's Motion in

Limine to exclude EEOC's presentation of a managing agent of Defendant by deposition) (Dec. 14, 2018), Doc. 165 (EEOC's opposition pursuant to Rule 32) (Feb. 1, 2019), Doc. 196 (order denying Doc. 125, Defendant's Motion in Limine to exclude the presentation by deposition) (Mar. 5, 2019) (all attached hereto as Exhibit 1). In this case, there are discrete points from Wright's deposition testimony that EEOC wishes to put into evidence in its case in chief. To make those discrete points, EEOC should not be required to invite disruption of EEOC's presentation of its case in chief by calling Wright live, and thus opening an immediately expanded scope of examination by Defendant, when Wright's deposition testimony is sufficient and permitted under Rule 32(a)(3). There will be no prejudice to Defendant in the presentation of designations of Wright's testimony in EEOC's case in chief. Defendant can call Wright live in its own case.

Kean's deposition testimony, on the other hand, is not equivalent to Wright's. Kean's deposition may only be used for impeachment purposes under Federal Rule of Civil Procedure 32(a)(2), or for any purpose if Kean is unavailable under Rule 32(a)(4), which she is not. Defendant cannot read portions of Kean's deposition into the record for any purpose at trial under Federal Rule of Civil Procedure 32(a)(3) because she is neither a party, nor was she, when deposed, a party's officer, director, managing agent, or designee. At the pretrial conference, Defendant contended it could use Kean's deposition at trial for any purpose, pursuant to Federal Rule of Civil Procedure 32(a)(3), because, Defendant contended, Kean is the equivalent of a party. Defendant was incorrect and may not do so. The plain text of Rule 32(a)(3) limits its application to the deposition of an *actual* party (or a party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4)), not a party's equivalent, and an aggrieved person like Kean is not a party equivalent in an EEOC enforcement action in any case.

First, the text of Rule 32(a)(3) clearly limits its application to the deposition of "a party"

or the party's officer, director, managing agent, or designee. The Federal Rules of Civil Procedure, like any statute, are to be given their plain meaning. *Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120, 123 (1989). Thus, because Kean is neither a party to this lawsuit nor the officer, director, managing agent, or designee of EEOC, her deposition cannot be used at trial under Rule 32(a)(3). *See, e.g., EEOC v. Care Centers Mgmt. Consulting, Inc.*, No. 2:12-cv-207, 2012 U.S. Dist. LEXIS 132898, at *8 (E.D. Tenn. Sept. 18, 2012) (EEOC, not the individual victim of discrimination for whom it sought relief, was the party in EEOC's enforcement action under the ADA); *EEOC v. Digital Connections, Inc.*, No. 05 Civ. 0710, 2006 WL 2792219, at *3 (M.D. Tenn. Sept. 26, 2006) (the aggrieved person in EEOC's enforcement action "is not a party to it").

Furthermore, the Supreme Court and the Sixth Circuit have unequivocally rejected the reasoning behind Defendant's request that the Court ignore the plain meaning of Rule 32(a)(3) and treat Kean as if she were interchangeable with Plaintiff EEOC in this action. In this suit, as in any EEOC enforcement action, the EEOC does not merely serve as a proxy for or representative of an aggrieved individual. The Supreme Court has observed that "the EEOC is not merely a proxy for the victims of discrimination and that the EEOC's enforcement suits should not be considered representative actions subject to Rule 23." *Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980); *see also Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 368 (1977) ("[T]he EEOC does not function simply as a vehicle for conducting litigation on behalf of private parties").

Rather, the EEOC serves different and broader interests than private plaintiffs: "When the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *Gen Tel. Co.*, 446 U.S. at 326. As the Sixth Circuit observed in *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448 (6th Cir. 1999): "Congress vested EEOC with the responsibility of protecting not only the rights of certain

4

aggrieved individuals, but also the public interest generally. The EEOC therefore pursues an interest broader than the one a private Title VII litigant pursues." Simply put, "the EEOC does not stand in the employee's shoes" when it pursues relief on his or her behalf. *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002). This recognition of the EEOC's role in enforcing the law shows that aggrieved persons are not the functional equivalent of a party in an EEOC enforcement action.

Thus, under other rules, courts have declined to treat the victims of discrimination in EEOC enforcement actions as interchangeable with the EEOC. For example, in *EEOC v. Care Centers Management Consulting, Inc.*, 2012 U.S. Dist. LEXIS 132898, at *8, the Eastern District of Tennessee declined to treat the Charging Party as a "party" for purposes of Federal Rule of Civil Procedure 10(a). Likewise, in two cases from district courts in other circuits, the courts found that rules specific to "parties" do not apply to EEOC claimants. In *Promens USA*, the Northern District of Illinois held that an EEOC claimant was not the equivalent of a party who could be required to travel more than 100 miles for her deposition. *EEOC v. Promens USA, Inc.*, No. 10 Civ. 06232, 2011 WL 10072350, at *1 (N.D. Ill. May 26, 2011) (referencing a prior version of Rule 45). Similarly, in *Northwest Airlines, Inc.*, the Western District of Washington held that EEOC claimants were not "plaintiffs" and were thus not subject to Rule 37(d) sanctions for a party's failure to attend his or her own deposition. *EEOC v. Nw. Airlines, Inc.*, No. 85 Civ. 36, 1987 WL 59590, at *7 (W.D. Wash. Apr. 9, 1987).

Here too, the Court should decline to treat Kean as if she were interchangeable with EEOC as a "party" or equivalent to Wright as a party designee and managing agent. For all these reasons, the Court should preclude Defendant from reading portions of Kean's deposition for any purpose other than impeachment in its case but should permit EEOC to read designations from Wright's depositions in EEOC's case pursuant to Federal Rule of Civil Procedure 32(a)(3).

Respectfully submitted,

Faye A. Williams
Regional Attorney
TN Bar No. 011730
Tel: 901-685-4609

Amy Black
Assistant Regional Attorney
TN Bar No. 016102
Tel: 901-685-4606

s/ *Jessi Isenhart*
Jessi Isenhart
Senior Trial Attorney
Admitted pro hac vice
PA Bar No. 206504
Tel: 216-306-1121

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Suite 900
Memphis, TN 38104

# CERTIFICATE OF SERVICE

I certify that on October 11, 2022, a copy of the foregoing Plaintiff Equal Employment Opportunity Commission's Brief Regarding the Use of Carma Kean's Deposition at Trial was filed electronically. Notice of this filing will be sent through the Court's electronic filing system to all parties indicated on the electronic filing receipt, including:

>Stephen W. Elliott
>Fetlework Balite-Panelo
>**HOWELL & FISHER, PLLC**
>Court Square Building
>300 James Robertson Parkway
>Nashville, TN 37201-1107

>s/ *Jessi Isenhart*
>Jessi Isenhart