| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:18-cv-00101 |
| v. | ) ) | JUDGE CAMPBELL |
| WEST MEADE PLACE, LLP, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is the Equal Employment Opportunity Commission's ("EEOC") Motion for a Permanent Injunction. (Doc. No. 218). Defendant West Meade Place, LLP ("West Meade") filed a Response (Doc. No. 224), and EEOC replied (Doc. No. 229). Also pending for the Court's consideration is West Meade's Motion for Leave to File a Surreply. (Doc. No. 232). For the reasons stated herein, the Motion for Permanent Injunction is **DENIED**. The Motion to file a surreply is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

EEOC brought this case on behalf of former West Meade employee Carma Kean. The EEOC asserted that West Meade terminated Ms. Kean because it regarded her as having a disability.[1] This case proceeded to trial in October 2022. At the conclusion of trial, a jury returned a verdict in favor of EEOC, finding that West Meade terminated Ms. Kean because it regarded her as having a physical or mental impairment, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*. (Doc. No. 209). The jury awarded Ms. Kean $6,000.00 in

---

[1] A more fulsome factual background has been provided by the Court of Appeals. *EEOC v. West Meade Place, LLP*, 841 F. App'x. 962 (6th Cir. 2021).

compensatory damages; the jury further found that Ms. Kean should not be awarded punitive damages. (*Id*.).

The Court entered the judgment of the jury on October 31, 2022, and ordered the parties to file supplements regarding back pay and injunctive relief. (Doc. No. 213). The parties stipulated to the amount of back pay (Doc. No. 214) and thereafter West Meade filed a notice of satisfaction of judgment (Doc. No. 223). EEOC now moves the Court to enter a permanent injunction that:

>  (1) Enjoins West Meade from violating the ADA in the future;
>  (2) Requires West Meade to amend its Partner Handbook to address the ADA and clarify that West Meade "will not tolerate such discrimination and…will take appropriate disciplinary action against" individuals who engage in such conduct;
>  (3) Requires West Meade to complete anti-discrimination training conducted by a third-party company; and
>  (4) Requires West Meade to submit reports to the EEOC regarding the training within 30 days of its completion each year for a term of five years.

(Doc. No. 218).

## II. LAW AND ANALYSIS

The ADA incorporates remedies provided by Title VII of the Civil Rights Act of 1964, including injunctive relief. 42 U.S.C. §12117(a); 42 U.S.C. § 2000e-5(g)(1). The statute provides that upon a finding that a defendant has "intentionally engag[ed] in an unlawful employment practice charged in the complaint, the court may enjoin the [defendant] from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include ... equitable relief as the court deems appropriate." *Id*. However, though injunctive relief is available, it is not automatically required upon a jury determination that the employer violated the law. *EEOC v. Dolgencorp, LLC*, 277 F.Supp.3d. 932, 953-54 (E.D. Tenn. 2017) (citing *Prentice v. Am. Standard, Inc*., Nos. 91-6126, 91-6127, 1992 WL 172662, at *2 (6th Cir. 1992)). Once the plaintiff has established liability and requested the injunction, the burden is on the

defendant "to produce evidence 'tending to show that it has taken, and will continue to take, effective measures to prevent a recurrence of the actionable conduct.'" *Id*. The "ultimate burden of proving that injunctive relief is necessary," however, is the plaintiff's. *Id*. Here, EEOC may carry this burden by "persuad[ing] the trial judge that there [is] a cognizable danger that [the] defendant [will] not take effective steps to prevent the conduct from recurring." *Id*. (alterations in original). If this burden is met, the Court has wide discretion "to craft an injunction that will ensure the employer's compliance with the law." *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 467 (6th Cir. 1999).

Unsurprisingly, the parties have starkly opposing positions on the necessity and scope of injunctive relief. The Court finds that the requested injunction is best addressed by consideration of the relief sought.

As an initial matter, however, the Court must address West Meade's arguments regarding timeliness and amendment of the judgment. West Meade argues that the imposition of an injunction is impermissible because judgment has already been entered and EEOC has not sought to amend that judgment. West Meade further argues that, even if EEOC does move to amend the judgment, the motion is untimely under Federal Rule of Civil Procedure 59. These opening arguments ignore the closing lines of the judgment, which contemplated issues of back pay and injunctive relief to be ordered at a later time. (*See* Doc. No. 213). The Court finds that the arguments are without merit and declines to consider them further.

A. **Enjoin West Meade from Violating the ADA**

EEOC's first proposed prong of the injunction is a requirement that West Meade not violate the ADA in the future. Such a provision is overbroad and not sustainable under Fed. R. Civ. P. 65(d). *See E.E.O.C v. Mid-American Specialties*, Inc., 774 F.Supp.2d 892, 896 (W.D. Tenn. 2011)

3

(finding a similar proposal overbroad); *EEOC v. Wooster Brush Co. Employees Relief Ass'n*, 727 F.2d 566, 576 (6th Cir.1984) ("Such 'obey the law' injunctions cannot be sustained."). Accordingly, the Court declines to grant this requested form of relief.

**B.      Require West Meade to Incorporate Written ADA Provisions**

EEOC requests that the Court require West Meade to modify its handbook to include a section on the ADA and clarify that West Meade will not permit such discrimination and will take appropriate action in response to reports of discrimination. On this point, a brief discussion of West Meade is warranted. At the time of Ms. Kean's termination in 2015, West Meade was a family owned and managed facility. In 2020, during the pendency of this litigation, West Meade became a National Healthcare Corporation ("NHC") managed facility. (*See* Decl. of James Wright, Doc. No. 227). As an NHC managed facility, West Meade is now uses and is subject to NHC's anti-discrimination policies, uses NHC developed handbooks and guidance materials, implements NHC developed training, and uses NHC employee rights and information posters and publications. (*See id.*; *see also* Doc. No. 236).

While the Partner Handbook used by West Meade at the time of Ms. Kean's termination was notably lacking in such information, the handbooks used by NHC provide significant review of the ADA. (*Compare* Doc. No. 42-5 and Doc. Nos. 263-1, 236-2). Accordingly, Plaintiff's request that the Court order them to incorporate ADA provisions in their handbook is **MOOT**.

**C.      Require EEO Training and Subsequent Reporting to the EEOC**

EEOC's final two requested forms of injunctive relief are that West Meade be required to complete EEO anti-discrimination training for all employees and report to the EEOC after each training with information about the training completed, who attended, and who provided or directed the training. As previously stated, each party bears a burden here. West Meade bears the

burden of producing evidence to show that they have taken or will take measures to ensure that the discriminatory conduct will not recur. And EEOC bears the burden of persuading the Court that, notwithstanding West Meade's efforts or assurances, a cognizable risk exists that West Meade will not be effective in preventing reoccurrence absent the injunctive relief. *See Dolgencorp, LLC*, 277 F.Supp.3d. at 953-54.

Here, West Meade has presented evidence in the form of the declarations of its Administrator, James Wright (Doc. No. 227) and NHC's Vice President of Human Resources, Chris West (Doc. No. 226). Both Wright and West attest to the policies, procedures, and trainings in place now that West Meade is an NHC managed facility, and the documents to which they cite have now been publicly filed for review. (Doc. No. 236). These declarations and supporting documentation demonstrate that West Meade is now conducting regular trainings on discrimination and equipping their employees and, importantly, their managerial staff, with compliance materials and resources directed at preventing discrimination.

EEOC contends that a danger of violative behavior still exists because some of the same officers in place at the time of Ms. Kean's termination are still employed at West Meade. Though this information is persuasive, it is not dispositive. The evidence presented at trial shows that the decision to terminate Ms. Kean and the misstatements of the law made in support of that decision were the work of one supervisor, Theresa Jarvis. And though others, such as Miss Pinkston, were aware of the termination, there is no evidence that they, or anyone else, played any role in the discriminatory act. Additionally, EEOC does not address the mitigating role of subsequent training and compliance standards implemented by NHC. The Court finds that EEOC's argument that neutral actors might become bad actors absent the injunction unpersuasive.

EEOC further argues that the policies in place cannot be expected to ensure compliance because they were ineffective the first time. This argument does not address the change in management, and therefore the change in operative policies and implemented trainings, now present at West Meade. And EEOC has not pointed to any indicators – cases, complaints, or otherwise –that NHC's policies and trainings are insufficient such that a cognizable risk exists that the same conduct will recur. Absent such a showing, the Court is not persuaded that injunctive relief is necessary.

### III. CONCLUSION

For the reasons stated herein, the motion for permanent injunction is **DENIED**. The Court finds that a surreply is not necessary to the resolution of the motion. Accordingly, that motion (Doc. No. 232) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE